CHARLES EICHHOLD and EDWARD A. MILLER, Respondents, *v.* CHARLES L. TIFFANY, Appellant, Impleaded with JAMES A. WILLIAMS, the First Name of the Defendant Williams Being Fictitious, etc.

*Guaranty of goods sold to a firm — statements by the purchaser as to who constitute the firm, made in the absence of the guarantor, are inadmissible.*

In an action to enforce a guaranty of payment for goods sold to the firm of B. C. Young & Co., it is not proper to receive evidence of a conversation, which took place in the absence of the guarantor, between the vendors and B. C. Young and one Bruns at the time of the arrangement for the purchase of the goods, as to who composed the firm of B. C. Young & Co., to the effect that Young and Bruns were going into business under the firm name of B. C. Young & Co., especially where under the proofs a question is presented on the trial as to whether, when the goods were sold, the firm of B. C. Young & Co. had not ceased to exist, and a new firm of Young & Bruns had been created.

Such conversation is not part of the *res gestæ.*

Appeal by the defendant, Charles L. Tiffany, from an order of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 26th day of November, 1897, affirming a judgment of the General Term of the City Court of New York, entered in the office of the clerk of said court on the 8th day of July, 1897, upon an order affirming a judgment in favor of the plaintiffs against the said defendant, entered in the office of the clerk of said court on the 10th day of February, 1897, upon the verdict of a jury, and also, as stated in the notice of appeal, from a judgment of the Appellate Term of the Supreme Court, entered in the office of the clerk of the City Court of New York on the 27th day of November, 1897, upon said order of affirmance.

*Charles E. Miller*, for the appellant.

*Samuel Fleischman*, for the respondents.

Van Brunt, P. J.:

This action was brought to recover on a guaranty given by the defendants to secure the plaintiffs to the amount of $1,000 for goods to be sold to Messrs. B. C. Young & Co. This guaranty was given on the 15th of April, 1887, and guarantees payment for goods purchased by B. C. Young & Co. of St. Louis, Mo., to the extent of $1,000.

The plaintiffs offered evidence tending to show what conversation took place between themselves and B. C. Young and one Bruns, at the time of the arrangement for the purchase of the goods, as to who composed the firm of B. C. Young & Co., which conversation was to the effect that Young and Bruns were going into the business of selling hats in St. Louis under the firm name of B. C. Young & Co., and that they were both to participate in the profits of the business, and that both were to be partners. This conversation was objected to as not having taken place in the presence of the appellant, and that he was not bound thereby. This objection was overruled and the evidence admitted. The plaintiffs further testified that the defendant Williams came in while the conversation was going on, and he said that he and Tiffany would guarantee to the amount of $1,000 any goods which might be purchased. The evidence further showed that subsequently a guaranty signed by Williams and Tiffany in the terms above mentioned was presented

to the plaintiffs, and further that the plaintiffs sold goods, as they claimed, to the firm of B. C. Young & Co. from the 20th of April down to the 30th of September, 1887.

It is to be noticed upon an examination of the testimony of the plaintiffs that whenever they talk about selling goods they say they sold them to B. C. Young & Co., yet they mark them to Young & Bruns. It also appears that, although all transactions were entered on their books and charged against Young & Bruns and the goods were sent to Young & Bruns, yet when a claim is made under this guaranty the sales are always to the firm of B. C. Young & Co., and the goods are sent to B. C. Young & Co.

Mr. Young was also examined as a witness. He testified that he was, from some time in April, 1887, to the middle of July, in the straw hat business in the city of St. Louis, and from September to October, 1887, they had a regular hat and gent's furnishing goods store; that in the straw hat business he had no partner, but in the hat and gent's furnishing he had a partner, Otto A. Bruns; that in the hat business the name was B. C. Young & Co., and in the hat and gent's furnishing it was Young & Bruns; that there was a change of partners when he went into the regular hat and gent's furnishing business; that Bruns came in and the name was changed to Young & Bruns. He further testified that there was a change in partners in the business at St. Louis, between April 1 and October 15, 1887, and that when they bought the goods in August for the new concern they were marked Young & Bruns and billed that way, and there was no such firm as B. C. Young & Co. in St. Louis then, and that the plaintiffs knew this fact at the time they sold the goods.

It is clear from this condition of the proof that the evidence given upon the part of the plaintiffs of the conversation had between them and Young & Bruns in the spring of 1887, if not competent, was extremely detrimental to the appellants. The admission of this testimony has been sustained upon the ground that it was part of the *res gestæ.* It certainly was a part of the transaction of the buying of the goods, but it was not a part of the transaction of the signing of the guaranty, and these were separate and distinct transactions. The defendant appellant was not present at the time of this conversation between Young & Bruns and the plaintiffs. He

knew nothing of what had transpired. There is no evidence as to what took place at the time the appellants signed the guaranty, or what statements were made to him at that time, and his obligation is to be measured solely by the writing which he has signed. He cannot be held for representations which were made when he was absent. There is no evidence that he authorized any such representations or that he knew anything about them. All that he did was to guarantee the firm of B. C. Young & Co., and it was necessary for the plaintiffs to offer proof as to who composed the firm of B. C. Young & Co. by evidence other than the declarations of somebody made in the absence of the defendant appellant. The only competent evidence upon that point shows that the firm of B. C. Young & Co. was composed of B. C. Young, and that all this conversation by Bruns & Young with the plaintiffs as to partnership related to something which was expected to take place in the future, and which did occur some months after the giving of the guaranty. The appellant guaranteed the firm of B. C. Young & Co., which was then in business, and none other. The claim which the plaintiffs have is against the firm of Young & Bruns, as they themselves testified, although they have endeavored to make it out that it is the firm of B. C. Young & Co.

It would appear, as has already been stated, that when the goods are sold they are charged in their books to Young & Bruns, but when it is desired to hold the defendant upon his guaranty it is to B. C. Young & Co. that the credit was given — another and distinct firm.

We think that the court erred in admitting the testimony as to the declarations made by Young & Bruns in respect to their partnership relations in anticipation of the purchase of goods, and that the appellant can only be held upon his guaranty in accordance with its terms. There was error, therefore, committed prejudicial to the defendant, and the judgment and order appealed from must be reversed and a new trial granted, with costs to the appellant to abide the event.

BARRETT, RUMSEY, PATTERSON and McLAUGHLIN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.